UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FERNANDO BARBECHO, on behalf of
himself and others similarly situated,

                                                                         No. 15 CV 00170-LTS

                      Plaintiff,

      -against-

MATRAT LLC d/b/a GUY & GALLARD
et al.,

                    Defendants.
-------------------------------------------------------x

### MEMORANDUM ORDER

        Plaintiff Fernando Barbecho ("Plaintiff"), on behalf of himself and other employees similarly situated, brought this collective and class action alleging that Defendants Matrat LLC, Shayan Holding Corp., Tas Bakery Inc., RRCTG, Inc., and Tareq Ahmed ("Defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay proper wages and overtime compensation.  On April 10, 2015, the parties notified the Court that they had achieved a settlement in principle.  (Docket entry no. 14.) After the parties drafted and revised the proposed agreement, the Court granted preliminary approval of the settlement agreement on May 23, 2016 (docket entry no. 32), held a fairness hearing on September 29, 2016 (docket entry text, Sept. 29, 2019), and certified the collective and the class for settlement purposes and granted final approval of the settlement agreement on May 4, 2017 (docket entry no. 46).  Now before the Court is Plaintiff's motion to enforce the settlement agreement filed on September 21, 2020 (docket entry no. 48), accompanied by a proposed order, a memorandum of law, and a declaration of Plaintiff's counsel, Anne Seelig, Esq. (hereinafter "Seelig Decl."), in support of the motion.  (See docket entry nos. 49, 50.)  The motion seeks a judgment for the outstanding amount of the agreed settlement fund, and requests

attorneys' fees incurred in Plaintiff's attempts to enforce the settlement agreement. Defendants have not filed a response to the motion. For the reasons stated herein, the Court grants, in part, and denies, in part, Plaintiff's motion.

MOTION TO ENFORCE

An action to enforce a settlement agreement is "in essence, [a] breach of contract action[] governed by state law." Gomez v. Terri Vegetarian LLC, No. 17-CV-213, 2021 WL 2349509, at *3 (S.D.N.Y. June 9, 2021) (quotation omitted). Thus, "where a federal suit has already been dismissed based on a settlement agreement, and the plaintiff thereafter asks the court to enforce the parties' agreement, the court must first satisfy itself that it has retained ancillary jurisdiction to act." Romero v. New Blue Flowers Gourmet Corp., No. 16-CV-8753, 2021 WL 860986, at *2 (S.D.N.Y. Mar. 8, 2021) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-80 (1994)). If a court is to exercise ancillary jurisdiction over the enforcement of a settlement agreement, the court's order of dismissal must have either "(1) expressly retain[ed] jurisdiction over the settlement agreement, or (2) incorporate[d] the terms of the settlement agreement in the order." Gomez, 2021 WL 2349509, at *3 (quoting Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015)).

Here, the Court explicitly provided in the order granting final approval of the settlement agreement that it "retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds." (Docket entry no. 46, at ¶ 18.) Thus, the Court has the authority to enforce the settlement agreement according to its terms, and "may proceed to enforce the agreement by entry of judgment." Romero, 2021 WL 860986, at *3 (citing Minecci v. Carlyle at the Omni, Inc., 2:16-CV-5134, 2019 WL 1760683, at

*1 (E.D.N.Y. Mar. 21, 2019) report and recommendation adopted, 2019 WL 1757776, (Feb. 27, 2019)).

A breach of contract claim under New York law has four elements: "'(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" Salto v. Alberto's Construction, LLC, No. 17-CV-3583, 2020 WL 4383674, at *6 (S.D.N.Y. July 31, 2020) (quoting Planete Bleue Television, Inc. v. A&E Television Networks, LLC, No. 16-CV-9317, 2018 WL 10579873, at *7 (S.D.N.Y. Sept. 19, 2018)).

The party seeking to enforce the settlement agreement "has the burden of proof to demonstrate that the parties actually entered into such an agreement." Id. at *4 (quoting Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc., 447 F. Supp.2d 329, 335 (S.D.N.Y. Aug. 28, 2006)). Here, counsel to both parties executed the agreement on April 6, 2016.[1] (Docket entry no. 31-1.) Plaintiff moved for final approval of the settlement agreement on September 14, 2016 (docket entry no. 38), and Defendant did not oppose the motion. The Court then issued an order certifying a class and collective for settlement purposes and granting final approval of the class action settlement on May 4, 2017, finding that the settlement was "fair, reasonable and adequate in all respects" and declaring it "binding." (Docket entry no. 46, at ¶¶ 3, 4, 8.) Hence, there can be no dispute that the parties entered into an enforceable agreement.

---

[1] "Federal courts 'presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so.'" Villar v. City of New York, No. 09-CV-7400, 2021 WL 2702619, at *3 (S.D.N.Y. July 1, 2021) (quoting Pereira v. Sonia Holdings (In re Artha Mgt.), 91 F.3d 326, 329 (2d Cir. 1996)). Neither party has challenged the attorneys' authority to enter into the settlement agreement at issue in this action, and so the Court will presume that the attorneys possessed the requisite authority to bind the parties.

The record reveals that Plaintiff and the class members performed their obligations under the agreement by voluntarily agreeing to the release of their claims. (See docket entry no. 31-1, at § 4.1.) However, Plaintiff has proffered, through the declaration of Anne Seelig, Esq., that Defendants have failed to comply with their obligations under the settlement agreement. Specifically, the settlement agreement stipulated that Defendants "agree[d] to create a 'Gross Settlement Fund' in the amount of $900,000" (docket entry no. 31-1, at § 3.1(A)), and that the settlement amount would be funded through "45 equal monthly installments of $20,000 each," until it was "fully paid . . . by September 2018."[2] (Id. § 3.1(B).) At the time of filing the motion to enforce the settlement agreement, Plaintiff proffered that Defendants had only "remitted $240,000 of the $900,000 settlement amount." (Docket entry no. 49, at 3.) In a status update to the Court filed on July 27, 2021, Plaintiff's counsel wrote that Defendants have made "no further payment" to the settlement fund. (Docket entry no. 52.)

In the event that Defendants failed to make an installment payment as provided for in Section 3.1(B) of the settlement agreement, Section 3.1(C) of the agreement stipulated that they would be in default. (Docket entry no. 31-1, at § 3.1(C).) Upon such default, the agreement stipulated that "Plaintiff's counsel . . . shall transmit by first class mail a Notice to Cure the

---

[2]   The Court notes that Plaintiff's Memorandum of Law (docket entry no. 49) and the Declaration of Anne Seelig (docket entry no. 50), both of which were filed in support of Plaintiff's motion to enforce the settlement agreement, refer to the installment schedule set forth in the January 2016 version of the parties' settlement agreement. (See docket entry no. 30-1, at § 3.1(B) ("Defendants shall fund the Settlement Agreement in 36 equal monthly installments of $25,000 each . . . .").) Plaintiff submitted a revised settlement agreement on April 6, 2016 (docket entry no. 31-1), and the Court entered an order granting final approval of that settlement agreement on May 4, 2017. (Docket entry no. 46.) Because Plaintiff refers to the correct docket number when referring the Court-approved settlement agreement, see docket entry no. 49, at 1 (referring to the settlement agreement at docket entry no. 31-1), and because both versions of the agreement call for a total settlement fund of $900,000, the Court will overlook the erroneous references to the January 2016 settlement agreement's payment schedule.

Default to . . . attorney for Defendants," and Defendants would have "ten days from receipt of such Notice" to cure the default.  (Id.)  Plaintiff alleges that a notice of default was sent to Defendants pursuant to Section 3.1(C) of the agreement on April 22, 2019, Defendants "have failed to cure" because "$660,000 of the $900,000 settlement remains due and owing[,]" and the "time to cure has long since expired."  (Docket entry no. 49, at 3.)

Thus, the Court finds that Defendants have breached the settlement agreement by failing to remit the full $900,000 of the settlement fund, and Plaintiff and the members of the settlement class have been damaged in the amount that remains unpaid, specifically $660,000.  Accordingly, the Court finds that Plaintiff, and the settlement class, are entitled to judgment for the remaining $660,000.

However, to the extent that Plaintiff requests relief pursuant to Section 198(4) of the NYLL, that request is denied.  In Plaintiff's proposed order, Plaintiff includes a "failure to pay" provision pursuant to NYLL Section 198(4) which states: "[I]f any amount remains unpaid upon the expiration of ninety (90) days following issuance of judgment, the total amount of the judgment shall automatically increase by fifteen (15%) percent."  (Docket entry no. 48-1, at ¶ 5.)  However, as explained above, an action to enforce a settlement agreement is "fundamentally a cause of action sounding in breach of contract."  Gomez, 2021 WL 2349509, at *4, n.5 (quoting Romero, 2021 WL 860986, at *4).  The "failure to pay" provision is "only 'included when a court issues a judgment based upon a NYLL cause of action,'" id. (quoting Romero, 2021 WL 860986, at *4), and thus "the 'failure to pay' provision is . . . inapplicable here."  Id. (quoting Romero, 2021 WL 860986, at *4 (collecting cases where courts have reached the same result in similar circumstances)).

<u>REQUEST FOR ATTORNEYS' FEES</u>

Section 3.1(C) of the settlement agreement provides that, "[i]f Defendants fail to cure the default. . . Plaintiff may file this Agreement as a Judgment" seeking the outstanding balance "plus reasonable attorneys' fees and costs incurred." (Docket entry no. 31-1, at § 3.1(C).) Plaintiff requests that the Court award Plaintiff's counsel attorneys' fees in the amount of $2,150 for the time spent in connection with the enforcement of the parties' settlement agreement. (<u>See</u> docket entry no. 48.) Specifically, Plaintiff seeks to recover $1600 in fees incurred for the two hours Plaintiff's counsel, Anne Seelig, Esq., spent "reviewing payment history, corresponding with Defendants' counsel and internal correspondence[,] and . . . revising this motion" at the rate of $800 per hour. (<u>See</u> docket entry no. 49, at 4; <u>see also</u> Seelig Decl., docket entry no. 50, at ¶ 4.) Plaintiff also seeks to recover $550 in fees for two hours paralegal, Panning Cui, "spent preparing this motion[,]" at the rate of $275 per hour. (<u>See</u> docket entry no. 49, at 4.)

"Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" <u>Filo Promotions, Inc. v. Bathtub Gins, Inc.</u>, 311 F. Supp. 3d 645, 649 (S.D.N.Y. 2018) (quoting <u>N.Y. State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983)); <u>see also</u> <u>Global Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.</u>, No. 17-CV-7137, 2020 WL 9762874, at *5 (S.D.N.Y. May 29, 2020) ("To aid in the court's analysis, a fee application should be supported by contemporaneous time records relaying the rates charged and hours worked by each attorney." (internal quotation and citation omitted)).

Here, Plaintiff requests that he be reimbursed for fees related to time spent by Plaintiff's counsel and a paralegal in support of Plaintiff's efforts to enforce the settlement agreement. However, Plaintiff's counsel has failed to provide billing time records for review. Instead, Plaintiff's counsel "submits only an affidavit, which approximates the time spent on different tasks" she performed. Minecci v. Carlyle at the Omni, Inc., No. 16-CV-5134, 2019 WL 1757776, at *3 (E.D.N.Y. Feb. 27, 2019) (denying request for attorneys' fees). Moreover, Plaintiff's counsel fails to submit any information regarding the time and efforts expended by paralegal, Panning Cui, on the matter, instead relying solely on the description Plaintiff includes in his memorandum of law supporting his motion. (See docket entry no. 49, at 4.)

Thus, the Court denies Plaintiff's request for reimbursement of attorneys' fees without prejudice to the refiling of a fee motion pursuant to Federal Rule of Civil Procedure 54(d) accompanied by the appropriate information within 14 days of the entry of judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the settlement agreement is granted, in part, and denied, in part. The Clerk of Court is directed to enter judgment in Plaintiff's favor for $660,000, the amount owed pursuant to the parties' settlement agreement, plus post-judgment interest at the statutory rate. Plaintiff's request for attorneys' fees is denied without prejudice to the filing of a properly-supported motion pursuant to Federal Rule of Civil Procedure 54(d).

This Memorandum Order resolves docket entry no. 48.

SO ORDERED.

Dated: New York, New York
August 30, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge